UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 8:24-cr-558-JLB-AAS

ROBERTO MARTINEZ,
Defendant.
_____/

### SENTENCING MEMORANDUM AND REQUEST
### FOR VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

Defendant, ROBERTO MARTINEZ, respectfully requests that this Honorable Court impose a non-Guidelines sentence in the form of a variance pursuant to 18 U.S.C. § 3553(a). This request is predicated on the unique circumstances of Mr. Martinez's role in the offense, which, while it may not qualify for the specific criteria of the new U.S.S.G. § 2D1.1(a)(5) amendment effective November 1, 2025, still merits a downward variance under the broader statutory sentencing factors. The presentence investigation report (PSR) provides an advisory guideline range of **87 to 108 months imprisonment**, based on a total offense level of 29 and Criminal History Category I.

### Argument

The U.S. Sentencing Commission has acknowledged that prior guidelines and commentary to U.S.S.G. § 3B1.2 did not adequately account for the lower

culpability of individuals performing low-level functions in a drug trafficking offense. The recent amendments to the Guidelines, effective November 1, 2025, aim to correct this disparity by encouraging broader application of mitigating role adjustments. If the court granted a "minor role" reduction pursuant to the 2025 amendment to U.S.S.G. § 2D1.1(a)(5), the effective guideline range would be capped at a level 32 with a 2-level reduction. In addition, pursuant to U.S.S.G. § 3B1.2(b) an additional 2-level reduction would be warranted.

In determining whether to apply the adjustment, the commentary should consider the following non-exhaustive list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity.

(ii) the degree to which the defendant participated in planning or organizing the criminal activity.

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.

(iv) the nature and extent of the defendant's participation in the commission of criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.

(v) the degree to which the defendant stood to benefit from criminal activity.

For example, a defendant who does not have a proprietary interest in criminal activity and who is simply paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in criminal activity. While it is understood that Mr. Martinez's participation in the criminal activity may not be viewed as minor due to the amount of drugs involved and level of trust bestowed upon the mariners to transport large amount of narcotics, the factors provided within the commentary clearly apply to Mr. Martinez.

If the court were to grant "Minor Role" Mr. Martinez would have a total offense level of 21, Category I for a guideline sentence of **37-46 months imprisonment.**

Understanding the court's reluctance to sentence an individual to 37 months imprisonment for a serious drug offense, the revised § 2D1.1(a)(5) criteria for a specific level decrease and the underlying policy rationale for the amendment provides a compelling basis for a variance under 18 U.S.C. § 3553(a). The court is required to consider the factors outlined in § 3553(a) to reach a sentence that is "sufficient, but not greater than necessary."

## **Mitigating Role and the Need for a Variance**

The thrust of the new policy is to recognize that defendants whose primary function was a low-level trafficking function, such as a courier or lookout, are often substantially less culpable than the "average participant" in the criminal enterprise.

- **Mr. Martinez's Limited Function:** Mr. Martinez's participation was limited to acting as a crewmember on a go-fast vessel (GFV). He was not the master of the vessel; codefendant Eusebio Gonzalez held that role and was responsible for the GPS, radio, and coordinates. Mr. Martinez's specific role was to assist in a "job" he knew was a drug trip, for which he would be paid only if it was completed successfully.

- **Lack of Culpability:** His involvement was peripheral, and he lacked knowledge of the full scope and structure of the operation, characteristics that the Commission now emphasizes when considering a mitigating role. He stayed at a marina home and in the mountains for months, away from the planning stages of the operation, before getting on the GFV for the return trip.

- **Disparity with Current Guidelines:** The current guideline calculation, without the benefit of the new special instruction in § 2D1.1(e) encouraging a broader view of a "minor participant", results in an offense level that

substantially overstates the seriousness of his actual conduct compared to more culpable participants.

### § 3553(a) Factors

A variance is necessary to promote the statutory purposes of sentencing, specifically to reflect the seriousness of the offense in relation to Mr. Martinez's limited role, provide just punishment, and avoid unwarranted sentencing disparities. The Court should also consider Mr. Martinez's personal background, which is outlined in the PSR.

- **Personal History:** Mr. Martinez reported a difficult upbringing after his parents' divorce and the death of his father, leading him to work from a young age to support his family. He has a daughter (age 23) in the Dominican Republic and supported his mother before her passing. Mr. Martinez's father died in 1996, and his mother passed away in August 2024. Mr. Martinez was the youngest child born to his parents. His parents divorced when he was very young, and he never had a father figure in his life while growing up. Things were difficult during his formative years because his mother struggled financially. Mr. Martinez began working at the age of nine to contribute to the household expenses. Mr. Martinez is also interested in participating in vocational training programs in the areas of welding and barbering.

- **Lack of Criminal History:** The PSR establishes that Mr. Martinez has a criminal history score of zero, resulting in a Criminal History Category I.

- **Substance Abuse and Rehabilitation:** Mr. Martinez started drinking alcohol and using marijuana and cocaine at the age of 19. He continued to use all of these substances until the time of his arrest for the instant offense. He successfully completed the six-month impatient program, but he started within two months of completing the program. Mr. Martinez would like to participate in the Residential Drug Abuse Program (RDAP) while in custody.

- **Statutory Minimum Relief:** The defendant meets the criteria for the safety-valve provision (18 U.S.C. § 3553(f)), which allows the Court to sentence without regard to the 10-year statutory minimum sentence.

- **Acceptance of Responsibility:** He pleaded guilty to Count One, and the government will recommend a two-level reduction for acceptance of responsibility, with an additional one-level decrease if applicable.). He expressed remorse during his presentence interview.

## Conclusion

For the foregoing reasons, Mr. Martinez respectfully requests the Court to consider a downward variance from the applicable guideline range and impose a

sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to the Clerk of Court, U.S. District Court, Middle District of Florida and that e-mail notification of this filing will be sent to all interested persons on this 9th day of December 2025.

/s/Serbo C. Simeoni, Esq.
_____
Serbo C. Simeoni, Esq.
1700 N. McMullen Booth Rd.
Suite A-7
Clearwater, FL 33759
Telephone: (727) 799-3506
Facsimile: (727) 202-5014